## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal No. 21-28-12 (APM)** |
| **JOSHUA A. JAMES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

Before the court is the Government's Motion to Reopen Defendant Joshua James's Detention Hearing, ECF No. 163 [hereinafter Gov't's Mot.]. The Government's motion is denied.

Under the Bail Reform Act, a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was *not known to the movant at the time of the hearing* and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f)(2)(B) (emphasis added). "[C]ourts have interpreted the language 'not known to the movant at the time of the hearing' to include information about which the litigant should have known and presented at the original detention hearing." *United States v. Spring*, Crim. Action No. 14-10303-RGS, 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014); *see also United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) (affirming denial of motion to reopen where it could not be said that affidavits from the defendant's friends, family, and former employees, many of whom were present for the initial detention hearing, were "newly discovered or previously unavailable"); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (affirming denial of motion to reopen detention hearing where

new information comprised affidavits and letters attesting to the defendant's good character, which were available at the time of the initial hearing); *cf. United States v. Peralta*, 849 F.2d 625, 626–27 (D.C. Cir. 1988) (per curiam) (holding that trial "court was authorized to reopen the detention hearing when *previously nonexistent*, material information was brought to light, namely, the court's adverse ruling at the suppression hearing, which increased the likelihood of Peralta's conviction" (emphasis added)).

Here, the Government seeks to reopen Defendant Joshua James's detention hearing on the ground that it has identified video evidence seemingly showing Defendant James assaulting police officers as he entered the Capitol building on January 6, 2021.  Gov't Mot. at 1.  But the Government almost surely possessed this evidence at the time of Defendant's detention hearing on April 9, 2021, but simply failed to present it.  One of the videos, the Government represents, was taken "from the defendant's phone," *id*. at 2,[1] and the other two videos consist of body camera footage captured by on-duty officers, *see id.* at 5–7.  Beyond a representation that it "discovered" the evidence "[t]his week" (that is, sometime between April 11 and April 16, 2021), *id.* at 1, the Government does not contend that it *acquired* any of the three videos after April 9, 2021.  Indeed, it is likely that the videos were obtained weeks before—in the case of the video taken from James's phone at the time of his arrest in early March, *see* Minute Order, Mar. 9, 2021 (noting arrest of James), and in the case of the body camera footage soon after January 6, 2021.  None of the videos therefore qualify as "information . . . that was not known to the movant at the time of the hearing," 18 U.S.C. § 3142(f)(2)(B), that would warrant reopening Defendant's detention hearing.

---

[1] The Government has represented that this video was taken "from the defendant's phone," Gov't Mot. at 2 & n.1, but also suggests that the video "appears to have been recorded by [Co-Defendant Roberto] Minuta," *id.* at 3. Regardless of whether the video was recovered from James's or Minuta's phone, however, it would have been available to the Government prior to the court's April 9, 2021 hearing on James's motion for bond because both defendants had been taken into custody by then.  *See* Minute Entry, Apr. 9, 2021 (noting detention hearing as to James); Minute Entry, Mar. 8, 2021 (noting arrest of Defendant Minuta).

For the foregoing reasons, the Government's Motion is denied.

Dated:  April 27, 2021

_____
Amit P. Mehta
United States District Court Judge