# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No: 21-CR-28 (APM)** |
| | : | |
| **JOSHUA  JAMES,** | : | |
| *Defendant* | : | |

## MOTION TO DISMISS COUNT 8 AND PORTIONS OF COUNT 13 OF THE INDICTMENT

COMES NOW the accused, Joshua James, by counsel, and respectfully moves this Honorable Court, pursuant to the Fifth and Sixth Amendments of the United States Constitution and Fed. R. Crim. P. 12(b)(3)(B), to dismiss count 8 and a portion of count 13 of the indictment because: i) Count 8 fails to advise Mr. James with sufficient specificity of the nature and cause of the accusation against him; and (ii) the portions of Count Thirteen that are the subject of this motion fail to state an offense.

### Statement of the Case

On March 8, 2021, the Government filed a Criminal Complaint under seal charging Mr. James with obstructing or impeding an official proceeding, in violation of 18 U.S.C. § 1512 (c) (2), § 2 and with a misdemeanor charge of entering a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) and (2).  On the morning of March 9, 2021, Mr. James was arrested in connection with the criminal complaint.  He had a preliminary hearing in the Northern District of Alabama on March 11, 2021.  On March 31, 2021, the Government filed a third superseding indictment in Criminal Case No. 1:21CR28.  *See* docket entry 127. The indictment added two new defendants — Mr. James and Mr. Minuta - to the ten previously charged defendants.  Mr.

James was charged with one count of conspiracy in violation of 18 U.S.C. § 371, one count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), 2, and one count of entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1). On April 9, 2021, this Court granted Mr. James's request for pretrial release, subject to a number of conditions.  On April 27, 2021, this Court denied the government's motion to re-open Mr. James's detention hearing.

On May 26, 2021, the Government filed its Fourth Superseding Indictment (hereinafter "the Indictment") in Criminal Case No. 1:21CR28.  *See* docket entry 196. The fourth superseding indictment added four new defendants (Mr. Walden, Mr. Hackett, Mr. Dolan and Mr. Isaacs), for a total of 16 defendants.  It also added four new charges against Mr. James[1] (Count 7 — Civil Disorder (18 U.S.C. § 231(a)(3) and § 2), Count 8  — assaulting, resisting or impeding an officer (18 U.S.C. § 111(a)(1) and Count 13 —- Tampering with Documents or Proceedings (18 U.S.C. § 1512(c)(1)).  Mr. James now moves to dismiss count 8 and the portion of count 13 referencing an FBI investigation.

## Legal Standard

A defendant may move to dismiss an indictment for, *inter alia*, lack of specificity or failure to state an offense.  *See* Fed. R. Crim. P. 12(b)(3)(B). In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962). Accordingly, "the Court cannot consider facts beyond the four corners of the indictment." *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009) (internal quotations omitted).

_____

[1] It also added and subtracted numerous charges against the other defendants.

**Legal Argument**

**I.  Count Eight, which fails to advise the defendant with sufficient specificity of the nature and cause of the accusation against him, should be dismissed. Alternatively, the government should be compelled to provide a bill of particulars identifying the name of the officer.**

The fundamental building block of any felony criminal prosecution is the indictment.  In order to be constitutionally sufficient, an indictment must not merely recite the elements of the offense intended to be charged, it must also "sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, … the record [must] show with accuracy to what extent he may plead a former acquittal or conviction."  *Hagner v. United States*, 285 U.S. 427, 431, 52 S. Ct. 417, 419 (1932) (*quoting Cochran and Sayre* v. *United States*, 157 U.S. 286, 290; *Rosen* v. *United States*, 161 U.S. 29, 34).  The D.C. Circuit has stated that the degree of particularity required is "that which is necessary to enable [the] accused to understand [the] nature of charge against him, intelligently to meet it, and to plead result, whether conviction or acquittal, as his protection against another prosecution for same offense."  *Powers v. United States*, 128 F.2d 300 (D.C. Cir.), cert. denied, 316 U.S. 693 (1942); *see also United States v. United States Sav. & Loan League*, 9 F.R.D. 450 (D.D.C. 1949) ("[i] is required…that the charge be set forth with such particularity as will reasonably indicate the exact offense which the accused is alleged to have committed and which will enable him intelligently to prepare his defense and, if found guilty, to plead his conviction in a subsequent prosecution for the same offense. A vague, general and indefinite description of the alleged crime is insufficient. The averments must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer.").

While the language of the statute may be used in the general description of an offense, it must be accompanied by a statement of the facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged. *United States v. Nance*, 533 F.2d 699, 701 (1976) (*citing United States v. Hess*, 124 U.S. 483, 487). What is a sufficient description of a crime for purposes of permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved. *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970).

In Mr. James's case, count eight of the indictment charges, in relevant part, that he did "forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer with the District of Columbia Metropolitan Police Department who was assisting officers and employees of the United States …".  Nowhere in the indictment is the particular officer identified.  Paragraph 156 — the only paragraph that provides any factual description of the alleged conduct giving rise to the charge — broadly alleges that Mr. James "yanked and pushed several officers out of the way."  Countless Metropolitan police officers and thousands of individuals were inside the Capitol that day.  In order for Mr. James to defend against an assault allegation, it is imperative to know which officer he is alleged to have assaulted so that he can investigate whether the alleged touching of the particular officer was knowing and intentional (as opposed to inadvertent or unintentional), whether the touching of the particular officer could be construed as consensual or invited, and whether it could be the product of self defense, among other potential defenses. Under these circumstances, the lack of specificity in the indictment violates Mr. James's 6th Amendment right to be informed of the nature and cause of the accusation against him. *See* U.S. Const. Amend. 6.  The deficiency in the indictment makes it impossible for him to adequately

and intelligently investigate and prepare his defense (i.e. by ensuring that all relevant body camera footage is provided, reviewing all relevant statements made by or about the officer in question, etc.).  Additionally, the deficiency jeopardizes Mr. James's Fifth Amendment protection against double jeopardy; his ability to plead conviction or acquittal in the event of potential future proceedings is impaired.

Finally, the lack of specificity in count eight runs afoul of the Fifth Amendment's requirement that a defendant must be prosecuted for a capital or infamous offense only on indictment by a grand jury.  U.S. CONST. AMEND. 5; *see also* Fed. R. Crim. Proc. 7(a).  As the United States Supreme Court has stated "[t]he very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 769-71 (1962) (*quoting Stirone* v. *United States, 361 U.S. 212,* 218 (1960).  The First Circuit elaborated on this concern in *United States v. Tomasetta*, 429 F.2d 978, 980 (1st Cir. 1970), where it dismissed an indictment due, in part, to failure to identify the victim:

> "[o]n an indictment as vague as that at bar, it is possible, however unlikely, for a prosecutor to obtain a conviction based wholly on evidence of an incident completely divorced from that upon which the grand jury based its indictment. The prosecution may not have the power "to roam at large" in this fashion.

Accordingly, Mr. James submits that the appropriate remedy to the deficiency in count eight of the indictment is dismissal.  In the event the Court denies Mr. James's motion to dismiss count eight, he requests the Court order the government to provide a bill of particulars identifying the name of officer.

## II.  **The allegations in Count Thirteen referencing an FBI investigation must be dismissed and struck because an FBI investigation does not qualify as an "official proceeding" for purposes of 18 U.S.C. 1512(c)(1).**

Count Thirteen of the indictment alleges that Mr. James:

> did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, *the FBI investigation and* the grand jury investigation into the attack on the Capitol on January 6, 2021. (emphasis added)

Mr. James moves to dismiss and strike the language "the FBI investigation and" from Count 13 because an FBI investigation, as a matter of law, does not qualify as an "official proceeding" for purposes of 18 U.S.C. §§ 1512 (c) and, therefore, that clause of count 13 fails to state an offense.

18 U.S.C.S. § 1512(c)(2) prohibits "corruptly altering, destroying, mutilating, or concealing a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an *official proceeding*." (emphasis added).

18 U.S.C. § 1515 (a)(1) defines an official proceeding as:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
> (B) a proceeding before the Congress;
> (C) a proceeding before a Federal Government agency which is authorized by law; or
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

A plain reading of §1515 immediately reveals that an FBI investigation does not fit the definitions in subsections A, B or D.  The only remaining question is whether an FBI

investigation meets the definition in subsection C — "a proceeding before a Federal Government agency which is authorized by law."  Every published opinion[2] that has squarely addressed this precise issue has ruled that it does not.

The Ninth Circuit's opinion in *United States v. Ermoian*, 727 F.3d 894, 901 (9th Cir. 2013) contains among the most expansive textual analyses of the statute on this precise point. There, the Court looked to the language of the statute itself, the specific context in which the language was used, and the broader context of the statue as a whole in order to decide whether the meaning of the term "proceeding" was plain from the statute in § 1515 (a)(1).  *Id.* at 898.  It found that it was.  First, the Court determined that dictionary definitions of the term "proceeding", standing alone, could not conclusively resolve the issue because the word has both a general and more technical meaning.  *Id.*  But then it looked to the context in which the word was used.

> When a term has both a general and a more technical meaning, we must look to surrounding words and phrases to decide which of the two meanings is being used…. And when law is the subject, ordinary legal meaning is to be expected, which often differs from common meaning (internal citations omitted).  *Id.*

The Court went on to note that i) the descriptor 'official' in 18 U.S.C. *§* 1512 indicates a sense of formality typically associated with legal proceedings; ii) the term "proceeding" in 18 U.S.C. *§* 1515 is surrounded by other words that contemplate a legal usage of the term; and iii) the definition at issue (in 18 U.S.C. *§* 1515 (C)) requires that the type of proceeding be "authorized

---

[2] Undersigned counsel conducted a Lexis search of this issue and found no written opinion — published or unpublished — holding that an FBI investigation meets the definition of "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2).

by law." The Court concluded that the definition of the term "proceeding," when considered in

context:

> strongly suggests that a 'proceeding before a Federal Government agency which is
> authorized by law' does not encompass a criminal investigation. … What the term
> 'proceeding' alone leaves mildly ambiguous, the broader statutory context makes
> entirely plain: an 'official proceeding' does not include a criminal investigation." *Id.* at
> 900.

The Court's analysis did not end there. It also observed that *§* 1515 refers to proceedings

"*before* a Federal Government agency" — a phrase that would be inapposite with a mere

criminal investigation. *Id.* "The use of the preposition "before" suggests an appearance in front of

the agency sitting as a tribunal… a criminal investigation does not occur 'before a Federal

Government agency' like a hearing or trial might; it is conducted 'by' the agency in the field" *Id.*

Looking more broadly to the language in *§* 1512, the Court noted that the use of the terms

"attendance", "testimony", "production", and "summon" when describing an official proceeding

strongly imply that a formal hearing before a tribunal is contemplated.  *Id.*

Finally, the court observed that if it were to read the phrase "official proceeding" to

include an FBI investigation, subsection 1512(f)(1), which states "an official proceeding need

not be pending or about to be instituted at the time of the offense," would have the effect of

criminalizing actions taken before an investigation was even pending or about to be instituted.

> We do not think that the obstruction of justice statue was intended to reach so far back as
> to cover conduct that occurred even pre-criminal-investigation.  Indeed, such a
> construction would be in tension with the Supreme Court precedent requiring a nexus
> between the obstructive act and the criminal proceedings in court.

*Id.* at 901 (internal citations omitted). The Court ultimately concluded that "in light of

the plain meaning of the term 'proceeding,' its use in the grammatical context of the

'official proceeding' definition, and the broader statutory context" a criminal investigation is not an "official proceeding" for purposes of 18 U.S.C. § 1512. *Id.*

The Fourth Circuit recently agreed with the Ninth Circuit's conclusion on this issue. In *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019), the Fourth Circuit stated that an official proceeding, as defined in 18 U.S.C. § 1515(a)(1), "includes a grand jury investigation, but not an FBI investigation." *Id.* It further explained:

> [o]ther circuits considering whether an FBI investigation would fall under § 1515(a)(1)(C) have concluded that it does not because the use of the preposition "before" in conjunction with "Federal Government agency" implies "some formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency." *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013) (citing *United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008)). We agree with our sister circuits.

*Id.* at 384; *see also United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008) (reviewing the legislative history of § 1512 and determining that the term "official proceeding" did not extend to an internal border patrol investigation); *United States v. Dunn*, 434 F. Supp. 2d 1203 (M.D. Ala. 2006) (ruling that ATF investigation does not qualify as an official proceeding under 1515(a)(1)(C) and observing that Congress drafted other statutes to expressly prohibit the obstruction of "investigations",[3] thus had Congress intended for an investigation, standing alone, to be an official proceeding, within § 1515(a), it could have included "investigations" among the definitions.); *United States v. Higgins*, 511 F. Supp. 453 (W.D. Ky. 1981) (dismissing indictment after finding that the meaning of 'proceeding' in 18 U.S.C. § 1505[4] is limited to actions of an

_____

[3] *See, e.g.* 18 U.S.C. § 1510 ("Obstruction of criminal investigations"); 18 U.S.C. § 1518 ("Obstruction of criminal investigations of health care offenses"); 18 U.S.C. § 1519 ("Destruction, alteration, or falsification of records in Federal investigations and bankruptcy").

[4] 18 U.S.C. § 1505 is entitled "Obstruction of proceedings before departments, agencies, and committees." It is located in the same chapter (entitled "Obstruction of justice") of the United States Code as § 1512.

agency that relate to some matter within the scope of the rulemaking or adjudicative power vested in the agency by law; because the F.B.I. has no rulemaking or adjudicative powers regarding the subject matter of the indictment, FBI investigation was not a "proceeding' within the meaning of the statute.); *United States v. Turner*, 2020 U.S. Dist. LEXIS 236423, at *5 (W.D. Ky. Dec. 16, 2020) (observing that a law enforcement investigation, such as the TVA Inspector General investigation, is not an "official proceeding" for purposes of 1512(c)(2); *United States v. McDaniel*, No. 2:13-CR-0015-RWS-JCF, 2013 U.S. Dist. LEXIS 187658, at *23-24 (N.D. Ga. Oct. 1, 2013) (magistrate recommended dismissing indictment for obstruction of an FBI investigation because the FBI investigation was not an "official proceeding" for purposes of 18 U.S.C. 1512(c)(2)).

The D.C. Circuit has not yet squarely addressed the issue of whether an FBI investigation qualifies as a "proceeding" for purposes of 1512(c)(2).  It came close, however, in *United States v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994), where the issue was whether the term "proceeding" in a different obstruction statute (§ 1505) included a formal investigation opened by the Office of the Inspector General of AID.  It ruled in the affirmative, but it premised its ruling on the fact that the Inspector General for AID was empowered to "issue subpoenas and compel sworn testimony in conjunction with an investigation of agency activities." *Id.* at 1127.  Importantly, the D.C. Circuit expressly stated that mere police investigations are *not* to be considered a proceeding for purposes of  §1505 and, to support this proposition, it cited to the case of *United States v. Higgins*, 511 F. Supp. 453 (W.D. Ky. 1981), where the Western District of Kentucky held that an FBI investigation was not a "proceeding" within the meaning of the 18 U.S.C. § 1505.

The United States Supreme Court has encouraged courts to "exercise restraint in assessing the reach of a federal criminal statute, both out of deference to the prerogatives of Congress, and out of concern that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed."

*United States v. Aguilar*, 515 U.S. 593, 600 (1995) (internal quotations omitted). For,

> to rely upon prosecutorial discretion to narrow the otherwise wide-ranging scope of a criminal statute's highly abstract general statutory language places great power in the hands of the prosecutor. Doing so risks allowing policemen, prosecutors, and juries to pursue their personal predilections, which could result in the nonuniform execution of that power across time and geographic location. And insofar as the public fears arbitrary prosecution, it risks undermining necessary confidence in the criminal justice system.

*Marinello v. United States*, 138 S. Ct. 1101, 1108-09 (2018) (internal quotations omitted).

### IV. Conclusion

For all of the foregoing reasons, and for any additional reasons that may be cited at a hearing on the matter, Mr. James respectfully moves this Court to dismiss count 8 (or, alternatively, order a bill of particulars) and the portions of count 13 relating to an FBI investigation.

Respectfully submitted,

_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

_____/s/_____
Christopher Leibig, Esq.
Virginia Bar No. 40594
Counsel for Defendant
114 N. Alfred Street
Alexandria, Virginia 22314
(703) 683 4310
chris@chrisleibiglaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 1st day of June, 2021, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____
Joan Robin