## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No: 21-CR-28 (APM)** |
| | : | |
| **JOSHUA  JAMES,** | : | |
| *Defendant* | : | |

### MOTION FOR BILL OF PARTICULARS

COMES NOW the accused, Joshua James, by counsel, and respectfully moves this Honorable Court, pursuant to Fed. R. Crim. Proc. 7, for an order directing the government to supply a bill of particulars as to Counts 8 and 13.  With regard to Count 8, Mr. James requests a bill of particulars identifying the name of the alleged officer victim.  As to Count 13, Mr. James requests a bill of particulars identifying the particular grand jury proceeding that the government accuses him of obstructing, the date of such proceeding, and the case number and named defendants of any indictment that was the product of such proceeding.

### Statement of the Case

On March 8, 2021, the Government filed a Criminal Complaint under seal charging Mr. James with obstructing or impeding an official proceeding, in violation of 18 U.S.C. § 1512 (c) (2), § 2 and with a misdemeanor charge of entering a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) and (2).  On the morning of March 9, 2021, Mr. James was arrested in connection with the criminal complaint.  He had a preliminary hearing in the Northern District of Alabama on March 11, 2021.  On March 31, 2021, the Government filed a third superseding indictment in Criminal Case No. 1:21CR28.  The indictment added two new defendants — Mr.

James and Mr. Minuta - to the ten previously charged defendants.  Mr. James was charged with one count of conspiracy in violation of 18 U.S.C. § 371, one count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), 2, and one count of entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1).  On April 9, 2021, this Court granted Mr. James's request for pretrial release, subject to a number of conditions.  On April 27, 2021, this Court denied the government's motion to re-open Mr. James's detention hearing.

On May 26, 2021, the Government filed its Fourth Superseding Indictment (hereinafter "the Indictment") in Criminal Case No. 1:21CR28.  *See* docket entry 210. The fourth superseding indictment added four new defendants (Mr. Walden, Mr. Hackett, Mr. Dolan and Mr. Isaacs), for a total of 16 defendants.  It also added four new charges against Mr. James[1] (Count 7 — Civil Disorder (18 U.S.C. § 231(a)(3) and § 2), Count 8  — assaulting, resisting or impeding an officer (18 U.S.C. § 111(a)(1) and Count 13 —- Tampering with Documents or Proceedings (18 U.S.C. § 1512(c)(1)).  Mr. James now moves for a bill of particulars as to Counts 8 and 13.

## Legal Argument

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way as to ensure that he or she: (1) understands the charges, (2) can prepare a defense, (3) can avoid prejudicial surprise at trial, and (4) can be possible be protected against retrial for the same offense. *United States v. Butler,* 822

---

[1] It also added and subtracted numerous charges against the other defendants.

F. 2d 1191 (D.C. Cir. 1987). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d at 1194.

### I.  <u>Count Eight</u>

In support of his request for a bill of particulars identifying the name of the alleged officer victim in Count 8, Mr. James incorporates by reference the arguments he raised in his Motion to Dismiss Count 8 (filed concurrently with this motion).

### II.  <u>Count Thirteen</u>

Count Thirteen of the indictment alleges that Mr. James:

> did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, the FBI investigation and the grand jury investigation into the attack on the Capitol on January 6, 2021.

More specifically, Mr. James is accused of deleting Signal chat messages from his own phone and instructing another individual to do the same.  *See* Fourth Superseding Indictment, ¶ ¶ 194-195.

In *United States v. Aguilar*, 515 U.S. 593, 599 (1995), The Supreme Court dealt with a conviction under 18 U.S.C. § 1503, another obstruction statute, for "corruptly endeavoring to influence, obstruct, and impede the grand jury investigation." 515 U.S. at 598.  The grand jury in question was investigating a conspiracy to influence the outcome of a particular known individual's federal criminal case.  *Id.* at 593.  There, the Court held that there must be a "nexus" between a defendant's conduct and the proceeding he obstructed. In other words, a defendant's actions need to have a "relationship in time, causation, or logic" to the obstructed proceeding. *Id.* at 599.  In *Marinello*, the Supreme Court elaborated on the nexus requirement laid out in

*Aguilar*.  It ruled that in addition to proving a relationship in time, causation or logic between a defendant's actions and a "particular proceeding," the Government must also show that the proceeding was pending or, at the least, was then reasonably foreseeable by the defendant at the time the defendant engaged in the obstructive conduct.  *Marinello v. United States*, 138 S. Ct. 1101, 1109-1110 (2018).

Following this same line of inquiry, the Supreme Court — in a case involving a prosecution under 18 U.S.C. § 1512(b) —  reversed the defendant's obstruction conviction due to errors in the jury instructions.  *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 707-08 (2005).  Among other errors, the Court stated that the jury instructions incorrectly:

> led the jury to believe that it did not have to find *any* nexus between the [alleged obstructive conduct of persuading others to destroy documents] and any particular proceeding. In resisting any type of nexus element, the Government relies heavily on § 1512(e)(1), which states that an official proceeding "need not be pending or about to be instituted at the time of the offense." It is, however, one thing to say that a proceeding "need not be pending or about to be instituted at the time of the offense," and quite another to say a proceeding need not even be foreseen. A "knowingly . . . corrupt persuader" cannot be someone who persuades others to shred documents under a document retention policy when he does not have in contemplation any particular official proceeding in which those documents might be material.

*Id.*

Contrary to the language employed in Count 13 against Mr. James ("*the* grand jury investigation into the attack on the Capitol on January 6, 2021"), there have been not one, but countless grand jury proceedings investigating the hundreds of criminal cases stemming from January 6.  Logic dictates that the grand jury proceeding(s) at issue in Count 13 would be those that gave rise to the indictments[2] in Criminal Case No. 21-CR-28.  However, the language in Count 13 is currently broad enough to include any and every grand jury proceeding of every

———————————

[2] Upon information and belief, at the time of this filing there have been four superseding indictments.

single defendant ever charged with an offense stemming from January 6.   Mr. James moves for a

bill of particulars to identify which of the many grand jury proceedings involving the events of

January 6 that Mr. James he is accused of obstructing.  He asks that the government disclose the

date of the proceeding, the case number and named defendants of any indictment that was the

product of such proceeding.  In order for Mr. James to effectively prepare his defense, he must

have notice of each of these things so that he can investigate and effectively argue whether there

is evidence of a sufficient nexus between his alleged obstructive conduct and the particular grand

jury proceeding that he is alleged to have obstructed.

### IV. Conclusion

For all of the foregoing reasons, and for any additional reasons that may be cited at a

hearing on the matter, Mr. James respectfully moves this Court to order the government to

provide a bill of particulars as to counts 8 and 13.


Respectfully submitted,


_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

_____/s/_____
Christopher Leibig, Esq.
Virginia Bar No. 40594
Counsel for Defendant
114 N. Alfred Street
Alexandria, Virginia 22314
(703) 683 4310
chris@chrisleibiglaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2021, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____
Joan Robin