UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CASE NO. 21-cr-28-12 (APM) |
| v. | : | |
| | : | |
| **JOSHUA JAMES,** | : | |
| | : | |
| Defendant. | : | |

### RESPONSE TO APPLICATION FOR ACCESS TO VIDEO EXHIBITS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the petitioners' application to access video exhibits submitted to the Court in the above-captioned case (ECF 297). Petitioners represent news organizations, which have moved this Court to disclose video evidence provided to the Court in connection with the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The government is in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28, at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when determining whether the common-law right of access to judicial records requires those records to

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

be made available to the public for copying and inspection. Applied in the general context of video exhibits submitted in court filings and hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks three video exhibits the government provided to the Court on April 16, 2021, as exhibits to the government's Motion to Reopen the Defendant's Detention Hearing (ECF 163, 163-1). The Court ultimately denied the government's motion on April 27, 2021, without a hearing (ECF 183). Neither party sought a sealing order for the videos upon their submission to the Court.

Therefore, because the videos exhibits in the government's filing were intended to influence the Court's decision on detention, and they were not subject to a sealing order, the government does not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

By:   /s/
        TROY A. EDWARDS, JR.
        N.Y. Bar 5453741
        Ahmed M. Baset
        Louis Manzo
        Jeffrey Nestler
        Kathryn L. Rakoczy
        Assistant United State Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

<div style="margin-left: 50%;">

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

</div>