IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 21-CR-28 (APM) |
| | : | |
| JOSHUA JAMES, | : | |
| *Defendant* | : | |

### MOTION TO SEAL VIDEO EXHIBIT AND OPPOSING PETITONER PRESS COALITION'S APPLICATION FOR ACCESS TO VIDEO EXHIBITS

COMES NOW the accused, Joshua James, by counsel, and respectfully opposes petitioner's application for access to the government's video (DVD) exhibit and further moves this Honorable Court to seal the exhibit in question. Petitioner's application should be denied because: i) the DVD exhibit did not play a sufficient role in the adjudicatory process to qualify as a judicial record; and ii) the DVD exhibit should be placed under seal pursuant to the balancing test in Hubbard.

### BACKGROUND

On April 16, 2021, the government filed a motion to reopen Mr. James's detention hearing. *See* docket entry 163. In its motion, the government argued that the Court should reopen the detention hearing and detain Mr. James because of newly obtained evidence that Mr. James allegedly assaulted one or more officers inside the Capitol.

The government attached a document to its electronic pleading entitled "Exhibit One Disc Containing Three Video Files." However, the DVD exhibit itself was not filed electronically because it was not in a format that readily permitted electronic filing. *See* Local

Rule 49(e)(1).  The government did, in violation of Local Rule 49 (e)(1),[1] deliver a hard copy of the DVD to the clerk's office, but the clerk's office did not keep the DVD and never disseminated it to the public.

The DVD exhibit contained three videos on it: i) an edited portion of an unidentified police officer's body camera footage; ii) an edited portion of a second unidentified police officer's body camera footage; and iii) video footage purportedly obtained from a government search of Mr. James's cell phone.  Undersigned counsel mistakenly believed the government's DVD exhibit, which contains discovery materials, was subject to the protective order and therefore had been placed under seal.  Notwithstanding the fact that the government chose not not file the DVD exhibit under seal, it was nevertheless unavailable to members of the public due to its format.  Thus, only the parties and the Court have had access to the DVD exhibit.

On May 14, 2021, Chief Judge Howell issued Standing Order 21-28, which pertains to media access to video exhibits in the January 6, 2021 cases.  It provides, in relevant part, that "members of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application, pursuant to D.D.C. LCrR 57.6 to the presiding judge in the case."  Petitioner has now moved for access to the DVD exhibit.  Mr. James opposes this request.

---

[1] Local Rule 49(e)(1) provides in relevant part:
> Any document, exhibit, or attachment, including sealed material, that (A) is not in a format that readily permits electronic filing, such as a map, chart, or DVD, or (B) is illegible when scanned into electronic format, *is to be maintained in the possession of the attorney or pro se party responsible for the filing.* Such a filing shall be made available for a party or the Court and must be identified in a Notice of Filing filed with the Court. A document or item filed pursuant to this subsection shall be served, if it is necessary to serve it, by mail or by hand delivery, unless the parties have otherwise agreed. (emphasis added)

# ARGUMENT

I) <u>The DVD Exhibit Does Not Qualify as a Judicial Record for Purposes of the Common Law Right of Access and Therefore Is Not Subject to Disclosure</u>

The D.C. Circuit Court has repeatedly held that not all documents filed with courts are judicial records. *See SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013); United States v. El-Sayegh, 131 F.3d 158 (D.C. Cir. 1997); *see also Leopold v. United States*, 964 F.3d 1121, 1128 (D.C. Cir. 2020). Rather, "what makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process." *El-Sayegh*, 131 F.3d 158, 163 (1997) (holding that a withdrawn plea agreement, which was submitted as an exhibit to a motion to seal, was not a judicial record because it played no role in any adjudicative function). "Just as a document would not be a public record when it does not eventuate in any official action or decision, whether something is a judicial record depends on "the role it plays in the adjudicatory process." *SEC v. Am. Int'l Grp.*, 712 F.3d at 3 (holding that reports prepared by a consultant pursuant to a court consent decree were not judicial records subject to the right of access because the district court made no decisions about them or that otherwise relied on them).

In support of their argument that the DVD Exhibit qualifies as a judicial record because it was "intended to influence the court," the government cites no authority and the Press Coalition cites *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020), which does not hold that the filing party's intention to influence the court, standing alone, is sufficient to render the exhibit a judicial record. Rather, *Leopold* referenced a two prong requirement: i) that the record in question "intend to influence the court"; and ii) that the court ultimately makes a decision about the record in question. *Id.* at 1128. *See also Metlife,* 865 F.3d 661, 669 (D.C. Cir. 2017)

(referencing, by analogy, the requirement that a document or exhibit be "relied" upon by the court in reaching its decision and that the court's decision be "about them" in order to qualify as a judicial record).

The Press Coalition's application for access and the government's response each fail to mention that this Court did not rely upon, nor make a decision about, the contents of the DVD Exhibit when rendering its decision on the motion to reopen. In fact, the contents of the DVD exhibit had no bearing whatsoever on the Court's ultimate decision (it's "adjudication") because the court never reached the merits of whether the conduct captured on video justified revisiting the detention hearing. Instead, the Court disposed of the government's request to reopen the detention hearing by ruling that the government failed to meet the first threshold inquiry for a motion to reopen. *See* docket entry 183.

*League of Women Voters v. Newby*, 963 F.3d 130 (D.C. Cir. 2020) — not cited to by either the Petitioner or the government - is arguably the strongest case in support of their claim that the DVD exhibit should be deemed a judicial record. It expands *Metlife* to "stand for the proposition that every part of every brief filed to influence a judicial decision qualifies as a judicial record." *Id*. at 136. The flaw with such an expansive ruling is the abuse it invites, since arguably every part of every pleading and every exhibit to every pleading is intended the influence the court. The ruling is also at odds with the plentitude of prior cases[2] in the D.C.

---

[2] See, e.g. *Leopold v. United States*, 964 F.3d 1121 (2020); *SEC v. Am. Int'l Grp.*, 712 F.3d 1 (D.C. Cir. 2013); United States v. El-Sayegh, 131 F.3d 158 (1997); *El-Sayegh*, 131 F.3d 158 (1997).

Circuit holding that not all documents filed with courts are judicial records and that what makes a document a judicial record is the role it plays in the *adjudicatory*[3] process.

The Court in *League of Women Voters* - perhaps recognizing the substantial risk of abuse such a ruling would invite - carved out an exception for material that is inserted into filings in bad faith. *See id*. It did not, however, define or expand upon what "bad faith" might look like in a given case. Mr. James submits that where, as here, an exhibit contains information that is not relevant to the immediate or threshold issue before the court, and where the exhibit has a high degree for potential prejudice to the opposing party, the exception ought to apply.

Here, the filing to which the exhibit was attached was entitled "Government's Motion to Reopen The Defendant's Detention Hearing." As the government is well aware, the first of two threshold inquiries for any motion to reopen is whether evidence exists "not known to the movant at the time of the initial hearing." 18 U.S.C. § 3142(f)(2)(B). When the government filed its motion to reopen and attached the DVD Exhibit, it knew that the videos on the exhibit had been in the government's possession for weeks prior to the detention hearing. In other words, the government knew it could not meet the first threshold inquiry to be entitled to reopen the hearing. Tellingly, the government's motion did not alert the court to this first threshold requirement, which it knew it could not meet. In fact, the government failed to address the inquiry entirely other than to say "this week the government discovered video evidence showing the defendant assaulting law enforcement officers inside the Capitol…". The government

---

[3] Miriam Webster's dictionary defines the term adjudicate to mean: i) "to make a judicial decision about who is right in a dispute; to settle judicially"; ii) "to act as judge". It defines the term adjudication as: i) "the act or process of adjudicating a dispute"; ii) "a judicial decision or sentence;" iii) "a decree in bankruptcy." *See* https://www.merriam-webster.com/dictionary/adjudication.

neglected to point out that it had been in possession of the video evidence for weeks (and even months) prior to the detention hearing.

Recognizing the plain deficiency in the government's motion, this Court denied the government's request to reopen the detention hearing because the government failed to meet the first threshold inquiry of proving that the information was newly discovered. *See* docket entry 183. Because the first threshold requirement was not met, the Court never reached the merits, or even had to address, the second inquiry regarding whether the newly discovered evidence had a material bearing on the Court's decision regarding whether conditions can assure the safety of the community. Under these circumstances, it simply can not be said that the DVD Exhibit "played a role in the adjudicatory process" as required by law, nor that the Court's decision to deny the motion to reopen "relied" upon or was "about" the contents of the DVD Exhibit.

II) <u>Even if the Video Exhibit qualifies as a judicial record, it should nevertheless be placed under seal in light of the balancing test laid out in Hubbard</u>

Even if the DVD Exhibit is subject to the common law right of access, the right is not absolute: it is defeated where one party's interest outweighs the public's interest in disclosure. *See SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980). Accordingly, the public has been excluded, temporarily or permanently, from records of court proceedings in order to protect private and public interests, including the interest in minimizing the danger of an unfair trial that has been infected by adverse pretrial publicity. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980).

To make this determination, the D.C. Circuit has consistently applied the balancing test laid out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). "The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (internal quotations omitted).

(a) The Need for Public Access to the Documents at Issue

As was the case in *Hubbard*, this case does not involve access to courtroom conduct of a criminal trial or pre-trial motion. It does not involve access to items that have been introduced as evidence of guilt or innocence in a trial, nor even items whose contents have been relied upon by the Court in any of its pretrial orders. It concerns only access to the contents of a DVD Exhibit that played no role in this Court's decision making process. Moreover, the public in this case has had access to the memoranda filed by the parties in connection with that motion and to this Court's memorandum decision on the motion. Under these circumstances, as in Hubbard, the purposes of public access would only be modestly served by a decision to keep the exhibit unsealed.

(b) Previous Public Access to the Documents

Although the DVD Exhibit at issue was listed as an Exhibit to the government's motion to reopen, its contents have not been available to the public to watch. The Government did, in violation of Local Rule 49(e)(1), deliver a copy of the DVD to the clerk's office, but the clerk's

office has confirmed that they did not keep the copy and it was not made accessible to the public. Accordingly, only the Court and the parties to Criminal Case No. 21CR28 have had access to the DVD. Although previous access has been considered relevant to a determination of whether further dissemination of already accessible materials can be restrained, s*ee Hubbard*, 650 F.2d at 318, here there is no previous access to weigh in favor of the future access.

### (c) Fact that Someone has Objected to Disclosure, and the Identity of that Person

Mr. James objects to disclosure on the grounds that disclosure will jeopardize his constitutional right to a fair trial by an impartial tribunal. Additionally, according to the government, one of the videos contained on the DVD is a video that was retrieved from Mr. James's personal cell phone, implicating his privacy rights. Moreover, the traditional justification for the common law right of access is to protect against abuse or overreaching on the part of the government. Here, that justification weighs in favor of sealing the DVD that contains video clips edited by the government,[4] rather than making them available for the networks to put on the internet and repeatedly play on the nightly news.

### (d) Strength of the Property and Privacy Interests Asserted

At least one of the video clips on the DVD Exhibit was allegedly seized from Mr. James's personal cell phone, implicating his privacy rights.

### (e) Possibility of Prejudice

Mr. James is awaiting trial on charges, inter alia, of assaulting law enforcement officers. The video recordings on the DVD Exhibit capture much (but not all) of the alleged conduct that

---

[4] Each of the two police body camera videos consist of small clips of the officer's body camera footage, not the entire video. By design, these portions contain what the government perceives to be the most prejudicial portion of the video footage, while omitting other relevant background footage that would provide context to the clip in question.

a jury will eventually be called upon to decide. Disseminating the clips to the public and allowing them to be played on the nightly news or placed on the internet will all but assure that Mr. James is deprived of his constitutional right to a fair trial before an impartial tribunal. The likelihood of prejudice to Mr. James by sensational disclosure is a significant factor that weighs in favor of temporarily sealing the exhibit.

(f) Purpose for which the Exhibit was Introduced

As discussed supra, the government attached the exhibit to their motion to reopen the detention hearing. However, they failed to meet or even address the first threshold requirement that would entitle them to such a hearing. The contents of the DVD Exhibit were not relevant to the threshold inquiry and the Court's Order on the Motion disposed of the motion on the threshold inquiry alone. This factor weighs in favor of sealing the DVD Exhibit.

**CONCLUSION**

For all of the foregoing reasons, Mr. James respectfully asks this Court to deny petitioner's application for access and grant Mr. James's request to seal the DVD Exhibit until it is admitted into evidence at trial.[5]

                                              Respectfully submitted,

                                              _____/s/_____
                                              Joan C. Robin
                                              Virginia Bar No. 44502
                                              Law Office of Joni C. Robin, PLLC

---

[5] Mr. James does not request a hearing on the matter. However, in the event the Court desires to hear additional argument on the matter, undersigned counsel will be out of town from July 12-16, 2021 with only sporadic and unreliable access to WiFi. Counsel is available the following week.

114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

_____/s/_____
Christopher Leibig, Esq.
Virginia Bar No. 40594
Counsel for Defendant
114 N. Alfred Street
Alexandria, Virginia 22314
(703) 683 4310
chris@chrisleibiglaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July, 2021, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____
Joan Robin