# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim. No. 21-CR-28 (APM)** |
| **JOSHUA JAMES** : | |

## MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

Comes Now, Joshua James, by counsel, and respectfully moves this Court to enter an order modifying his conditions of release such that he may leave his home during business hours for work purposes. Mr. James proposes that his current conditions, which place him on home detention with the sole exception of attendance at mental health appointments, would be expanded to include an exception for employment purposes Monday-Friday. This motion seeks to change no other conditions of Mr. James' release.  Upon information and belief, the government opposes this motion.

## ARGUMENT

Mr. James is currently charged, by Fifth Superseding Indictment, with six criminal counts. Mr. James was arrested without incident in this matter on March 9, 2021, near his home in Arab, Alabama, one day after the sealed criminal complaint against him was filed. On April 9, 2021, this Court granted Mr. James' motion for release on conditions after a contested hearing.

The Court ultimately granted release on strict conditions, including twenty-four-hour home incarceration.[1] As to the home incarceration condition, the Court stated:

> You will be released, at least initially, on home incarceration. You will be restricted to your home 24 hours a day, except for medical necessities and court appearances or other activities that are specifically approved by the Court. That means, Mr. James, is that at least for the short term, you will not be permitted to work. I'll start you out on home incarceration, we'll see where things go as the case progresses.

*DH* at 80-81.

Since his release in April, Mr. James has maintained perfect compliance with all his conditions of release. *See Pre-Trial Compliance Reports,* ECF 211 (May 30, 2021), 265 (June 30, 2021) and 325. (August 9, 2021).

Mr. James, who prior to his arrest was the primary breadwinner for his family, has been unable to earn any income since his arrest. He started his business, American Pro Hydro, *see attachment 3* to Mr. James *Motion for Bond*, ECF 142 (April 6, 2021), three years before the events of this case.  The successful company provides power washing, gutter cleaning, and other services to businesses, apartment complexes, and occasionally single residences in the Arab, Alabama area.  While Mr. James has been unable to personally monitor potential new potential clients, his wife, Audrey James, has paid attention to requests for service and regularly referred them to competitors during Mr. James' incarceration. If allowed to work, Mr. James could get American Pro Hydro running quickly and begin to contribute to the support of his wife and three children.   While the job locations change from customer to customer, they are almost always in

---

[1] By agreed order dated June 1, 2021, the Court modified the conditions of release to require "home detention" instead of "home incarceration" so that pre-trial services could allow for Mr. James' attendance at mental health appointments, which had been part of the April 9, 2021, order.

or near Arab, Alabama and can reasonably be confined to a sixty-mile radius [2] and to regular hours between approximately 8 a.m. and 6 p.m. or as defined by the Court.

As briefed and argued at Mr. James' *Motion for Bond,* Mr. James has deep ties to his local community which have nothing to do with his alleged conduct in this case. Over the last four months, as this case has progressed, he has demonstrated a desire and an ability to abide by his conditions of release. Counsel submits that there is no reason to believe that his compliance with the Court's orders will change if he is allowed to begin working again under set conditions.

For the above-stated reasons, and those to be argued at the hearing of this motion, Mr. James respectfully requests that his motion be granted.

Respectfully submitted,

By Counsel

_____/s/_____

Christopher Leibig, Esq.
Virginia Bar No. 40594
Counsel for Defendant
114 N. Alfred Street
Alexandria, Virginia 22314
(703) 683 4310
chris@chrisleibiglaw.com

_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Law Office of Joni C. Robin, PLLC
114 North Alfred Street

---

[2] Counsel has consulted with Christine Schuck from pre-trial services and understands that GPS monitoring of fluctuating work sites is more difficult for pre-trial services than monitoring one known workplace. However, Mr. James could communicate the precise location of every job to pre-trial services in advance and would be aware that his conditions of release require that he drive only to and from the workplace and remain there for the duration of the workday or until the job is complete. Mr. James does not seek release from GPS monitoring or permission to use smart phones or internet devices. He understands that if his motion were granted, he would be required to use a non-internet flip-phone for work purposes.

Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of August 2021, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____

Christopher Leibig