IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No: 21-CR-28 (APM) |
| | : | |
| **JOSHUA JAMES,** | : | |
| *Defendant* | : | |

**REPLY TO GOVERNMENT'S RESPONSE TO: i) DEFENDANT'S MOTION TO DISMISS COUNT 8[1] AND PORTIONS OF COUNT 13 OF THE INDICTMENT; AND ii) DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

COMES NOW the accused, Joshua James, by counsel, and provides this reply[2] to the Government's Omnibus Opposition to Defendants' Motions to Dismiss and For Bill of Particulars.

Legal Argument

**I. Count Nine Motions**

The government argues that the identity of the officer that Mr. James is alleged to have assaulted in Count Nine is not required under Rule 7 or Rule 12 of the Federal Rules of Criminal Procedure, hence the failure to identify the alleged victim does not make the indictment insufficient. It cites to four cases in support of this proposition. Three of the four cases are

---

[1] Mr. James's initial Motion to Dismiss Counts eight and thirteen and Motion for Bill of Particulars as to Counts eight and thirteen was directed at the Fourth Superseding indictment. On or about August 4, 2021, the government filed a Fifth Superseding indictment that altered the numbering of the counts against Mr. James. Specifically, the assault charge against Mr. James (which was Count eight in the Fourth Superseding) is now Count nine in the Fifth Superseding indictment.

[2] Mr. James incorporates by reference the arguments he raised in his Motion to Dismiss Count Eight and Thirteen and Motion for Bill of Particulars. *See* docket no. 269 and 270 respectively.

unpublished opinions, none of the cases are from this jurisdiction, and none are germane to the case at hand.

In *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018), the only published opinion cited by the Government on this issue, the defendant challenged the sufficiency of the indictment, but did not request a bill of particulars.  There, the defendant was accused of identity theft for possessing personal identifying information (including names, addresses, birth dates, and social security numbers) for over 200 individuals in a single notebook. He argued that because the language in the statute makes it a crime to possess "a means of identification of another person," each count must identify a specific means of identification for a specific individual (potentially resulting in several hundred counts). *Id.* at 1002.  The Court, understandably, rejected the argument.  In doing so, it pointed out a significant factual distinction from the case at hand; namely that the government in *Miller* provided the defendant with the names of the victims in pretrial disclosures, thus giving him notice, as well as time, to prepare a defense.  *Id.* at 1003.  In contrast, the government here has not provided Mr. James with any information as to the identify of the officer that he is accused of assaulting.  Consequently, if the government is not required to at least supplement the indictment with a bill of particulars identifying the particular officer whom it claims is the victim of Count Eight, there exists an unacceptable risk that trial will devolve into a shell game,[3] where defense counsel must guess which of the "several officers" that Mr. James supposedly pushed or yanked is the anonymous

---

[3] In the shell game, three or more identical containers (which may be cups, shells, or anything else) are placed face-down on a surface. A small object is placed beneath one of these containers so that it cannot be seen, and they are then shuffled by the operator in plain view. The players are then invited to bet on which container holds the object.

victim in the assault charge he must defend against. Such a scenario runs afoul of his Sixth Amendment constitutional right to right to be informed of the nature and cause of the accusation against him, and to his Fifth Amendment right to limit his jeopardy to the assault offense charged by the grand jury. *See Russell v. United States*, 369 U.S. 749, 769-71 (1962).

In *United States v. Melendez-Colon*, 417 Fed. App'x 320, 321-322 (4th Cir. 2011) (UNP), an unpublished opinion from the Fourth Circuit cited by the government, the Defendant was accused of assaulting two of his fellow inmates with a dangerous weapon. Accordingly, he was charged with two counts of assault with a dangerous weapon (one count for each victim). He plead guilty to one count and the government dismissed the other count. There, the defendant's only argument was that he did not know which of the two assault counts applied to which of the two victim inmates. In stark contrast, here Mr. James is charged with one count of assaulting an unidentified officer, but the indictment alleges that he "pushed and yanked several officers." In other words, while in *Mendez-Colon* there were two assaults alleged and two assaults charged, here there are several assaults alleged but only one assault charged. Accordingly, the case analysis in *Mendez-Colon* is of little value. "What is a sufficient description of a crime for purposes of permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved." *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970).

Here, a more detailed description of the alleged victim is vital to Mr. James's ability to prepare a defense because his defense will necessarily vary depending upon which officer he is accused of assaulting. For example, the facts are undisputed that Mr. James repeatedly asked one officer "do you want out, do you want out?" before he allegedly grabbed the officer's arm and

attempted to pull him out.4  Once Mr. James reached for the first officer, a different officer or officers struck Mr. James.  After he was struck by police, Mr. James allegedly pushed and/or yanked one or more police officers.  Consequently, Mr. James's defense as to an assault charge on the first officer will necessarily differ from his defense as to other officers.  Without a bill of particulars to identify the alleged officer victim, Count Eight is defective not only because it fails to inform Mr. James of the specific criminal act for which he must answer; it is also duplicitous because it joins in a single count two or more distinct and separate offenses.  *See United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999).

In *United States v. Figueroa*, No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021), another unpublished opinion cited by the government, the defendant was accused of attacking his ex-girlfriend; her sister; and one National Park Service employee.  The defendant initially plead guilty to several counts but later withdrew his guilty plea. In addition to other unrelated challenges, the defendant argued on appeal that the assault charge as to the National Park Service employee was invalid.  This case is easily distinguishable because defendant Figueroa was only alleged to have assaulted one National Park Service employee, unlike Mr. James who is accused of assaulting several police.

Moreover, the issue in Figueroa was not whether the count involving the Park Service employee was deficient for failing to name the victim; the issue was whether the count failed to properly state an offense under 18 USC § 111 (assaulting an employee of the United States)

---

4 Several police officers did, in fact, want out of the Capitol building. In a video disclosed by the government on August 5, 2021, a Capitol Police Lieutenant is seen asking one or more individuals with connections to the Oathkeepers organization to assist him in getting some of the officers out of the building.  A short time later the video shows a number of officers being escorted to safety outside of the Capitol by members and associates of the Oathkeepers.

because it did not directly mention 18 USC § *1114*, the statute that defines what employees are protected under 18 USC § 111.  *Id.* at 26.

The last case cited by the government on the issue of whether failure to name the alleged victim constitutes a fatal deficiency in the indictment is *United States v. Hill*, No. 1:09-cr-199-TWT, 2010 WL 128314 (N.D. Ga. Jan. 13, 2010), an unpublished magistrate report and recommendation from the Northern District of Georgia.  *Hill*, too, is readily distinguishable.  There, the government identified the victims to the defense in a pretrial conference, the defense did not argue that the failure to name the victim in the indictment impeded his ability to defend against the charge, and the defendant eventually abandoned the the argument altogether:

> Defendant does not argue that the failure to name the victim in Count One has impeded his ability to defend against these charges in any way. In fact, at the pretrial conference before the undersigned on May 26, 2009, counsel for Defendant conceded that the Government had identified the victim and that he and Defendant are aware of the victim's identity, and counsel indicated to the undersigned that he was no longer pursuing that specific challenge to the indictment. Moreover, the Defendant appears to have abandoned this argument regarding the name of the alleged victim with respect to Count One, as he does not mention it in his reply brief.

*Id.* at *15.

## II. **Count Thirteen Motions** [5]

On or about August 4, 2021, the grand jury returned a fifth superseding indictment in the above-captioned case.  Count Thirteen of the fifth superseding indictment no longer contains the language ("FBI investigation") that was the focus of Mr. James's motion to strike this count.  The removal of this language appears to have been a direct response and concession by the

---

[5] Count Thirteen of the 5th superseding indictment alleges that Mr. James "did corruptly alter, destroy, mutilate, and conceal a record, document and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, the grand jury investigation into the attack on the Capitol on January 6, 2021."

government to defendants's motion to strike such language. *See* docket entry 269, pp. 6-11. Accordingly, the only issue remaining as to Count Thirteen is whether the government should be compelled to issue a bill of particulars identifying the grand jury proceeding that Mr. James allegedly intended to obstruct.

18 U.S.C.S. § 1512(c)(2) prohibits one from "corruptly altering, destroying, mutilating, or concealing a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding."

18 U.S.C. § 1515 (a)(1) defines an official proceeding, in relevant part, as:

(A) *a proceeding before* a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or *a Federal grand jury* … (emphasis added)

As acknowledged by the government in its pleading in another January 6 case, "over 500 individuals … have been charged with a multitude of criminal offenses, including but not limited to conspiracy, tampering with documents or proceedings, destruction and theft of government property, obstruction of law enforcement during civil disorder, assaults on law enforcement, obstruction of an official proceeding, engaging in disruptive or violent conduct in the Capitol or on Capitol grounds, and trespass. [Additionally] There are investigations open in 55 of the Federal Bureau of Investigation's 56 field offices." *United States v. Timothy Hale-Cusanelli*, 21-cr-37 (Document No. 37).  There have been countless grand jury proceedings investigating countless individuals accused of criminal conduct on January 6.  Moreover, because the investigation is ongoing, additional federal grand jury proceedings investigating additional suspects will continue to convene into the foreseeable future.

As currently drafted, Count Thirteen misleadingly suggests that there is but one grand jury proceeding into the events of January 6. By using the phrase "the grand jury *investigation* into the attack on the Capitol on January 6, 2021" instead of "the grand jury *proceeding* in case number xx," the government morphs every federal grand jury proceeding related to the events of January 6 into one colossal "official proceeding" for purposes of 18 U.S.C. § 1512.  In effect, it circumvents the plain language of the statute that requires the obstructive act be connected to "*a* proceeding *before a* federal grand jury."  *Cf.*  *United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008) (observing that the preposition "before" in the definition of "official proceeding" implies that an "official proceeding" involves some formal convocation in which parties are directed to appear, instead of any informal investigation); *United States v. Ermoian*, 727 F.3d 894, 900 (9th Cir. 2013) (elaborating on the significance of the preposition "before" in the 18 U.S.C. § 1515 (a)(1) definition of official proceeding and observing that "[t]he use of the preposition "before" suggests an appearance in front of the agency sitting as a tribunal.).

Without a bill of particulars to identify the grand jury proceeding at issue and narrow the scope of the allegation against him in Count Thirteen, Mr. James will be forced to defend against the overbroad allegation that he intended to obstruct any and every one of the dozens — if not hundreds — of January 6 grand jury proceedings that were conducted on countless different dates and that investigated countless individuals apart from Mr. James.

In its opposition, the government incorrectly claims that the indictment provides the "general timeframe" of the official proceeding at issue in Count Thirteen.  *See* docket entry 313, p. 43.  It does not; instead Count Thirteen merely identifies the timeframe that the *FBI investigation* began.  However, an FBI investigation does not qualify as an official proceeding; a

fact the government has essentially conceded by removing that allegation from Count Thirteen of the fifth superseding indictment.

Finally, in support of its argument that it should not be required to provide a bill of particulars, the government cites to *United States v. Peterson*, No. 7:07-cr-34-HL, 2008 WL 4224813 (M.D. Ga. Sept. 5, 2008); an unpublished opinion from the Middle District of Georgia that is readily distinguishable from the instant case. In relevant part, the defendant in *Peterson* was accused of: obstruction in violation of 18 U.S.C. §1503 for lying when he testified before a federal grand jury (Count One); perjury for lying to the same grand jury (Count Two); and obstruction of a grand jury proceeding in violation of 18 U.S.C. §1512 for disclosing the identify of an informant to a co-conspirator (Count Three). *Id.* at 12. The defendant moved to dismiss the 18 U.S.C. §1512 charge (Count Three) on the ground that the indictment did not identify the particular grand jury proceeding. The court rejected the argument, reasoning "it is clear from the overall context of the … Indictment that the grand jury proceedings mentioned in Count III are the same ones identified in Count I [a grand jury proceeding in which the defendant himself had testified]…". *Id.* In other words, the indictment clearly put the defendant on notice that the particular grand jury proceeding in which he was a witness was the same grand jury proceeding that was the subject of the 18 U.S.C. §1512 charge.

It is also worth noting that while the court in *Peterson* denied the defendant's motion to dismiss the 18 U.S.C. §1512 charge, it ordered the Government to file a Bill of Particulars with respect to the 18 U.S.C. §1512 charge to explain how the Defendant's alleged "tip-off" of the informant obstructed, influenced, or impeded the grand jury proceedings. *Id.* at 14-15.

Accordingly, absent a bill of particulars identifying — at a minimum — the case number of the grand jury proceeding that Mr. James allegedly intended to obstruct, Count Thirteen runs afoul of Mr. James's Sixth Amendment constitutional right to right to be informed of the nature and cause of the accusation against him so that he can adequately prepare his defense.  It also violates his Fifth Amendment right to limit his jeopardy to the offense charged by the grand jury.  *See Russell v. United States*, 369 U.S. 749, 769-71 (1962),

## Conclusion

For all of the foregoing reasons, and for any additional reasons that may be cited at a hearing on the matter, Mr. James respectfully moves this Court to grant his motion.

Respectfully submitted,

_____/s/_____
Joan C. Robin
Virginia Bar No. 44502
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

_____/s/_____
Christopher Leibig, Esq.
Virginia Bar No. 40594
Counsel for Defendant
114 N. Alfred Street
Alexandria, Virginia 22314
(703) 683 4310
chris@chrisleibiglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2021, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____
Joan Robin